■ DONALD MARRON, as Administrator of the Estate of PATRICIA MARRON, Deceased, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL, Defendant, and STEVEN M. GOLDBERG, Respondent. [624 NYS2d 188] —In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered June 18, 1993, as, after a trial on the issue of liability, and upon setting aside a

verdict rendered in favor of the plaintiff, is in favor of the defendant Steven M. Goldberg dismissing the complaint insofar as asserted against him.

Ordered that the judgment is affirmed, with costs.

We find that the trial court properly determined that the jury verdict was not supported by sufficient evidence as a matter of law. To sustain a determination that a jury verdict is not supported by sufficient evidence as a matter of law, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499; see also, Nicastro v Park, 113 AD2d 129, 132).

The plaintiff's theory at trial was that the defendant Steven M. Goldberg negligently performed a pericardiocentesis by failing to monitor the procedure electrocardiographically. However, the uncontradicted medical testimony indicated that the particular phase of the procedure during which the patient was injured could not have been so monitored. Thus, the plaintiff did not establish that the patient's death was caused by any deviation by the defendant from accepted medical practice. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.